IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MARIA TRANSITO MARAVILLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 1:16-CV-427 (LMB/MSN) |
| ) | |
| NGOC ANH RESTAURANT, LTD., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

Before the Court is defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. No. 26], in which defendant argues that plaintiff's complaint alleging unpaid wages under the Fair Labor Standards Act (FLSA) must be dismissed because neither the defendant nor the plaintiff qualify for coverage under the statute. Id. For the reasons that follow, defendant's motion will be denied.

I. BACKGROUND

Plaintiff Maria Transito Maravilla ("Maravilla" or "plaintiff") has filed a complaint against Defendant Ngoc Anh Restaurant, Ltd. ("Ngoc Anh Restaurant" or "defendant"), her former employer, alleging that the defendant failed to pay her in compliance with the Fair Labor Standard Act (FLSA)'s required federal minimum wage and overtime rate. [Dkt. No. 1].

Plaintiff prepared food for Ngoc Anh Restaurant from September 2010 through December 2015. Id. ¶ 10. She alleges that she worked approximately 72 hours a week and was paid on a salaried basis at a rate of $1,700 per month from 2010 through 2013 and $2,200 per

month from 2014 through 2015. Id. ¶ 11-12. This salary, she argues, is less than the FLSA required minimum wage. Id. ¶ 14. By her calculation, she is owed $55,478.92 in unpaid wages. Id. ¶ 20. She also alleges that the defendant intentionally misinformed her that she was not entitled to minimum wage compensation or overtime wages and failed to place a notification regarding her employment rights in a prominent place. Id. ¶¶ 16, 18. By way of relief, plaintiff seeks all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest, and reasonable attorney's fees and costs. Id. at 5.

## II. DISCUSSION

### A. Standard of Review

Rule 12(b)(1) permits a defendant to challenge federal court jurisdiction over the subject matter of the complaint. The question of subject-matter jurisdiction may be raised by the parties or the court, sua sponte, at any stage of the litigation. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). A motion to dismiss for lack of subject-matter jurisdiction raises the issue of "whether the court has the competence or authority to hear the case." Davis v. Thompson, 367 F. Supp. 2d 792, 799 (D. Md. 2005). When subject-matter jurisdiction is challenged, the plaintiff bears the burden of proving the existence of jurisdiction by a preponderance of the evidence. United States ex. rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).

### B. Analysis

The FLSA requires covered employers to pay their employees a minimum wage, currently fixed at $7.25 per hour. 29 U.S.C. § 206(a). Covered employers must also pay their employees an overtime rate of one and one–half times the regular rate of pay for each hour worked in excess of forty hours per week. Id. at § 207(a). To recover for minimum wage or

overtime violations under the FLSA, a plaintiff must demonstrate that either her employer is an "enterprise engaged in commerce or in the production of goods for commerce" or the plaintiff herself has "engaged in commerce or in the production of goods for commerce" in her capacity as an employee. 29 U.S.C. §§ 206(a), 207(a)(1). Defendant's motion to dismiss argues that the Court lacks jurisdiction because Ngoc Anh Restaurant is not an enterprise covered under the FLSA and the plaintiff does not qualify for individual coverage. Def. Memo., [Dkt. No. 27] at 1, 6. In response, plaintiff contends that enterprise coverage is not a jurisdictional issue and therefore cannot be challenged under Rule 12(b)(1). Pl. Opp., [Dkt. No. 30] at 1. Plaintiff does not specifically address the issue of individual coverage but her jurisdictional argument applies with equal force to both enterprise coverage and individual coverage.

Under the FSLA, enterprise coverage is expansive. The statute defines such coverage to reach an employer with employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i). To curb this sweeping scope, Congress included a revenue threshold: enterprise coverage will only attach to an organization whose "annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." Id. at § 203(s)(1)(A)(ii); see also 29 C.F.R. § 779.259(a) ("The annual gross volume of sales made or business done of an enterprise consists of its gross receipts from all types of sales made and business done during a 12–month period.").

Defendant argues that because Ngoc Anh Restaurant has annual sales of less than $500,000 it is not a covered enterprise. Def. Memo. at 1. According to the tax returns and sales records attached to its motion, defendant's annual sales from 2012 to 2015 never exceeded $139,107. Id. In response, plaintiff contends that FLSA coverage cannot be challenged under

rule 12(b)(1) because coverage status is not a jurisdictional issue. Pl. Opp. at 1. Plaintiff also avers that it intends to employ a Certified Fraud Examiner during discovery and believes that a forensic investigation will yield factual proof that Ngoc Anh Restaurant met or exceeded the $500,000 threshold. Id. at 2-3.

Individual coverage under the FLSA is considerably narrower than enterprise coverage. As the Supreme Court explained in Mitchell v. Lublin, 358 U.S. 207, 211 (1959), "Congress, by excluding from the [FLSA's] coverage employees whose activities merely 'affect commerce,' indicated its intent not to make the scope of the [FLSA] coextensive with its power to regulate commerce." Despite this limited scope, "within the tests of coverage fashioned by Congress, the [FLSA] has been construed liberally to apply to the furthest reaches consistent within congressional direction." Id. "[W]hether an employee is engaged 'in commerce' within the meaning of the [FLSA] is determined by practical considerations, not by technical conceptions." Cook v. Nu–Tech Hous. Servs., Inc., 953 F.2d 1383, 1992 WL 17301, at *2 (4th Cir. 1992) (unpublished table decision). "To determine whether an employee is 'engaged in commerce'. . . 'the test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity.'" Bellows v. Darby Landscaping, Civ. No. WDQ–15–885, 2016 WL 264914, at *4 (D. Md. Jan. 21, 2016) (quoting Wirtz v. Modern Trashmoval, Inc., 323 F.2d 451, 457 (4th Cir. 1963)).

Defendant contends that plaintiff alleges no facts that would establish she was engaged in interstate commerce. Def. Memo. at 6. According to defendant, plaintiff simply helped in the kitchen, never making bank deposits, traveling for the restaurant, ordering supplies or conducting financial transactions for the customers. Id. Plaintiff's response does not address individual

coverage or the plaintiff's specific job functions while employed by defendant, see generally Pl. Opp.; instead, plaintiff relies on her argument that FLSA coverage is not a jurisdictional issue.[1]

Although neither the Eastern District of Virginia nor the Fourth Circuit has yet to publish an opinion regarding whether FLSA coverage is a jurisdictional issue, the emerging consensus across the country is that it is not. The touchstone in any inquiry regarding whether a statutory element is jurisdictional is Arbaugh v. Y & H Corp., 546 U.S. 500 (2006). In Arbaugh, the Supreme Court held that a defendant's status as an employer under Title VII "is an element of plaintiff's claim for relief, not a jurisdictional issue." Id. at 506. The Court explained that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Id. at 516. That is, unless "the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," that limitation "is an element of a plaintiff's claim for relief, not a jurisdictional issue." Id. at 515–16.

It is widely recognized that the Arbaugh rule extends beyond Title VII's fifteen-employee requirement and even Title VII itself. See, e.g., Union Pac. R.R. Co. v. Bhd. of Locomotive Engineers, 558 U.S. 67, 81–86 (2009) (holding that a procedural rule under the Railway Labor Act requiring proof of a pre-arbitration settlement conference is not jurisdictional under Arbaugh); Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 155 (4th Cir. 2012) ("[T]he issue of whether the Chapter is an 'employer' under the ADA is non-jurisdictional in nature."); Minard v. ITC Deltacom Commc'ns Inc., 447 F.3d 352, 356 (5th Cir. 2006) ("In light of the Supreme

---

[1] To the extent that defendant's one paragraph argument that plaintiff "alleges no facts in her Complaint which would establish she was engaged in interstate commerce," Def. Memo. at 6, raises a factual challenge to subject matter jurisdiction, it is moot because the Court concludes that FLSA coverage is not a jurisdictional issue, infra. Alternatively, if the argument is effectively a Rule 12(b)(6) argument, then it is improperly raised in a Rule 12(b)(1) motion and the Court need not consider it.

Court's decision in Arbaugh, we conclude that the definition section of the [Family Medical Leave Act] . . . is a substantive ingredient of a plaintiff's claim for relief, not a jurisdictional limitation.").

Applying Arbaugh's reasoning to the FLSA, and recognizing that Congress did not treat the coverage requirements in the FLSA as jurisdictional, district courts within the Fourth Circuit, specifically Maryland and North Carolina, as well as district courts outside this circuit and several circuit courts, have overwhelmingly concluded that coverage is an element of the claim for relief, not a jurisdictional issue. See, e.g., Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007) (holding that the "annual dollar value" limitation in the FLSA is not jurisdictional because "[t]he FLSA places the [annual dollar value] limitation in the definitions section of the Act, and does not suggest that the . . . limitation is jurisdictional"); Fernandez v. Centerplate/NBSE, 441 F.3d 1006, 1009 (D.C. Cir. 2006) (concluding that whether an employee was paid for hours in excess of forty per week was not a jurisdictional issue under the FLSA); Helfand v. W.P.I.P., Inc., 165 F. Supp. 3d 392, 394 n.2 (D. Md. 2016); Luna-Reyes v. RFI Const., LLC, 57 F. Supp. 3d 495, 500–01 (M.D.N.C. 2014); Gilbert v. Freshbikes, LLC, 32 F. Supp. 3d 594, 600 (D. Md. 2014); Rodriguez v. Diego's Rest., Inc., 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009). But see Martinez v. K & S Mgmt. Servs., Inc., No. PWG-15-223, 2016 WL 808797, at *2 (D. Md. Mar. 2, 2016).

As numerous courts have explained, the FLSA provides no indication that Congress intended the coverage requirements to operate as a jurisdictional bar. To the contrary, FLSA's definition of employer is found in the definitions section of the Act, suggesting that the term is not jurisdictional. See Chao, 493 F.3d at 33. Thus, "whether a defendant is an employer as defined by the FLSA is an element of the plaintiff's meritorious FLSA claim" and, as a result,

6

"does not implicate subject matter jurisdiction." Gilbert, 32 F. Supp. 3d at 600. The same is true of individual coverage. Rodriguez, 619 F. Supp. 2d at 1350.

Defendant cites two cases to rebut this conclusion but neither is persuasive because neither engages with Arbaugh's rule of construction. In both Russell v. Cont'l Rest., Inc., 430 F. Supp. 2d 521, 524 (D. Md. 2006), and Aguilar v. LR Coin Laundromat, Inc., No. CIV.A. RDB-11-02352, 2012 WL 1569552, at *4 (D. Md. May 2, 2012), courts interpreted whether the employer was an enterprise engaged in commerce as a jurisdictional issue. Russell was decided just weeks after Arbaugh and the district court did not address the Supreme Court's holding that, unless "the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," that limitation "is an element of a plaintiff's claim for relief, not a jurisdictional issue." 546 U.S. at 515–16. The decision in Aguilar, which was issued six years later, is more puzzling, especially because many courts outside the Fourth Circuit had already concluded that FLSA coverage was not a jurisdictional issue. That said, as of 2016, it is clear that Aguilar has been overtaken by the body of precedent in the District of Maryland that now recognizes that granting a Rule 12(b)(1) motion on the basis of FLSA coverage is improper.[2]

Recognizing the applicability of Arbaugh's presumption that statutory limitations on coverage are non-jurisdictional and seeing no clear language in the FLSA to support a conclusion that enterprise and individual coverage are jurisdictional, this Court joins the emerging consensus by holding that FLSA coverage is not a jurisdictional issue. As a result, defendant

---

[2] See, e.g., Helfand, 165 F. Supp. 3d at 394 n.2; Reyes v. Ramos, No. CV GLR-15-1625, 2016 WL 197390, at *1–2 (D. Md. Jan. 15, 2016); Ramirez v. Amazing Home Contractors, Inc., 114 F. Supp. 3d 306, 309 n.2 (D. Md. 2015); Guzman v. D & S Capital, LLC, No. MAB 14-CV-01799, 2015 WL 772797, at *1 n.4 (D. Md. Feb. 20, 2015); Gilbert v. Freshbikes, LLC, 32 F. Supp. 3d 594, 600 (D. Md. 2014). But see Martinez, 2016 WL 808797, at *2 (treating FLSA coverage as a jurisdictional based on Russell and Aguilar but not engaging with either Arbaugh or the preponderance of District of Maryland cases reaching the opposite conclusion).

does not assert a valid jurisdictional challenge under Rule 12(b)(1). Instead, arguments about the applicability of enterprise or individual coverage are appropriately raised at trial or in a motion for summary judgment.

III.

IV. CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. No. 26] will be denied. An appropriate Order to that effect will be issued with this Memorandum Opinion.

Entered this 17 day of November, 2016.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge